# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1605016488 |
| | ) | |
| JERMAINE L. CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 28, 2018
Decided: November 13, 2018

## ORDER SUMMARILY DISMISSING JERMAINE L. CARTER'S SECOND MOTION FOR POSTCONVICTION RELIEF

This 13th day of November, 2018, upon consideration of the Motion for Postconviction Relief filed by Jermaine L. Carter, the record in this matter, and Superior Court Criminal Rule 61 ("Rule 61"), it appears to the Court that:

1. On January 4, 2017, following a one-day bench trial, this Court found Carter guilty of Assault in a Detention Facility and immediately sentenced him to five years at Level V, suspended after two years for 18 months at Level III.[1] On February 1, 2017, Carter, through counsel, appealed the conviction and sentence. Carter's counsel later filed a brief and a motion to withdraw under Delaware Supreme Court Rule 26(c), asserting there were no arguably appealable issues.

---

[1] D.I. 16.

1

2.     On June 16, 2017, the Delaware Supreme Court issued an order affirming Carter's conviction.[2] The Supreme Court issued its mandate on July 5, 2017.[3]

3.     On August 6, 2018, Carter filed his first motion for postconviction relief.[4] The Court summarily denied that motion as untimely on August 20, 2018.[5] Carter filed the present motion for postconviction relief (the "Motion") on August 28, 2018.[6] In the Motion, Carter alleges two grounds for relief: (1) "ineffective assistance of counsel" and (2) "deprivation of liberty." In support of his first ground for relief, Carter states "[There was] no DNA evidence of mine or any other evidence and counsel failed to ask the judge at trial and/or appeal to overturn the case." In support of his second ground for relief, Carter reasserts the argument that there was insufficient evidence to support his conviction.[7]

4.     Before addressing the merits of any claim for postconviction relief, this Court first must determine whether the motion meets the procedural

---

[2] *Carter v. State*, 2017 WL 2628161 (Del. Jun. 16, 2017).
[3] D.I. 26.
[4] D.I. 27. Carter previously filed a motion for postconviction relief while his direct appeal was pending. This Court summarily dismissed that motion on April 19, 2017, because it was not ripe under Rule 61(b)(4). The Court treated Carter's August 6, 2018 motion as his first motion for postconviction relief in this case. The present Motion is his second motion for postconviction relief.
[5] D.I. 30.
[6] D.I. 31.
[7] D.I. 31 at 3.

requirements of Rule 61.[8] A motion for postconviction relief may procedurally be barred for timeliness and repetition, among other things. A motion filed under Rule 61 is untimely if it is filed more than one year after a final judgment of conviction.[9] A defendant also is barred from filing successive motions for postconviction relief.[10] The procedural bars do not apply, however, to a claim that the court lacked jurisdiction or if the defendant pleads with particularity that (i) new evidence exists creating a strong likelihood the defendant actually is innocent of the acts underlying the charges of which he was convicted, or (ii) a new rule of constitutional law, made retroactive to cases on collateral review, applies to the case and renders the conviction invalid.[11]

5.    The Supreme Court issued its mandate on July 5, 2017, finally determining Carter's conviction on direct review.[12] Carter filed the current Motion, his second under Rule 61, on August 28, 2018. Under the plain terms of Rule 61, the Motion is untimely and successive and therefore procedurally is barred. As in to his first motion for postconviction relief, Carter has not pleaded

---

[8] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[9] Super. Ct. Crim. R. 61(i)(1) (A motion "may not be filed more than one year after the judgment of conviction is final . . . .").

[10] Super. Ct. Crim. R. 61(i)(2) ("No second or subsequent motion is permitted under this Rule . . . .").

[11] Super. Ct. Crim. R. 61(i)(5).

[12] *See* Super. Ct. Crim. R. 61(m)(2). When a defendant files a direct appeal, as Carter did in this case, a judgment of conviction is final for purposes of Rule 61 "when the Supreme Court issues a mandate or order finally determining the case on direct review."

specifically (or even generally) that the procedural bars are not applicable. Because the Motion procedurally is barred, the Court may not consider its merits.

Carter's Motion for Postconviction Relief therefore **SUMMARILY IS DISMISSED. IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Marc Petrucci, Deputy Attorney General
       Jermaine Carter, *pro se* (SBI No. 419947)